STEVEN G. KALAR
Federal Public Defender
Northern District of California
GRAHAM ARCHER
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: Graham_Archer@fd.org

Counsel for Defendant Moral-raudales

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESMUN MOYSES MORAL-RAUDALES,<br><br>Defendant. | **Case No.:** CR 20–138 JD<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:** Courtroom 11, 19th Floor<br>**Hearing Date:** June 29, 2020<br>**Hearing Time:** 1:00 p.m. |

## INTRODUCTION

Defendant Moyses Raudales submits the following sentencing memorandum in advance of his change of plea and sentencing on June 29, 2020 at 1:00 p.m. Mr. Raudales waived indictment, and will plead guilty to the sole count of the Information (Docket No. 8), Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The factual basis for the plea is the hand-to-hand sale of four rocks of crack cocaine in exchange for $17. Undersigned counsel has discussed with Mr. Raudales his right to have a full Presentence Report prepared, and he wishes to waive that right and proceed with the limited report ordered by the Court.

Pursuant to the plea agreement, the government will request a sentence of four months as long as Mr. Raudales accepts responsibility. Mr. Raudales asks that the Court impose a sentence of "credit

for time served" to be followed by a three-year term of supervised release. Mr. Raudales has been in federal custody since February 24, 2020.

## FACTUAL BACKGROUND

### I. Offense Conduct and Procedural Background

On July 23, 2019, Mr. Raudales was standing in a plaza just off of 7th Street in San Francisco when he was approached by a San Francisco Police Department undercover officer who asked to purchase four rocks of crack cocaine for $17. The undercover officer handed Mr. Raudales one ten dollar bill, one five dollar bill, and two one dollar bills, and Mr. Raudales reached into a bag containing crack cocaine and produced four rocks for the officer. The undercover officer then gave an arrest signal, and Mr. Raudales was arrested by SFPD officers. After processing, Mr. Raudales was released.

On August 2, 2019 a Complaint (Docket No. 1) was filed alleging distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Mr. Raudales was arrested on February 24, 2020. After making an initial appearance, he waived his right to a detention hearing, and consented to proceeding by Information in order to resolve the matter. He has been detained in the custody of the Marshals at the Santa Rita Jail since his arrest on February 24. At the change of plea and sentencing hearing on June 29th, Mr. Raudales will have been in custody for four months and six days.

Mr. Raudales has one prior conviction, a San Francisco conviction for Accessory to a Felony in violation of California Penal Code § 32. He suffered that conviction on October 29, 2018, and was sentenced to 120 days in jail. While the modified presentence report has not yet been completed, it is undersigned counsel's belief that he did not suffer further arrests or convictions subsequent to his July 23, 2019 arrest that led to this case.

### II. Mr. Raudales's Personal Circumstances

Mr. Raudales is 24 years old, and is a native of Honduras. He was raised in Tegucigalpa and lived with his parents until they were driven from their home by threats from the MS-13 gang. The family lost their home and moved to a small town outside of the capital city. Mr. Raudales believes the home was taken over by gang members, and to his knowledge nobody in his family has gone back out of fear of retaliation from MS-13. According to the United Nations Refugee Agency, this

DEFENDANT'S SENTENCING MEMORANDUM
*MORAL-RAUDALES*, CR 20–138 JD

2

displacement by threat of violence has happened to thousands of Hondurans who ran afoul of the gangs that control their neighborhoods. *See* "Gangs Drive Hondurans From Their Homes and Land," James Fredrick, September 8, 2017.[1] Following this displacement, Mr. Raudales's parents sent him and two of his brothers to the United States to avoid gang violence and to work to send money home for the family's survival. When Mr. Raudales arrived in the San Francisco Bay Area in 2018, he was recruited by a drug trafficking organization that employs a number of Honduran refugees to sell drugs in San Francisco's Tenderloin neighborhood. This organization provided lodging in Oakland and payment, and in exchange the street level dealers would take BART to San Francisco every day to sell drugs. In addition to selling, Mr. Raudales also began using crack cocaine, and was using heavily at the time of his arrest.

After his arrest in this case, he was able to find work with small construction crews in San Francisco and Oakland, which provided him a less dangerous source of income. He was also able to stop using cocaine several months after he stopped selling it. What money he could save he sent to his parents in Honduras.

## ARGUMENT

**I.  A Sentence of "Time Served" is Sufficient, But Not Greater Than Necessary to Satisfy the Sentencing Factors Set Forth In Section 3553(a)**

A "time served" sentence is appropriate in Mr. Raudales's case because of his personal circumstances, his relative position in the drug organization, the conditions of his pretrial detention, his early acceptance of responsibility, the devastating immigration consequences this conviction will cause, and because such a sentence would avoid unwarranted disparity with other similarly situated defendants.

**A.  Mr. Raudales's Personal Circumstances Warrant a Sentence of Time Served**

When the Court weighs an appropriate sentence, Mr. Raudales's history and characteristics should also be afforded significant weight (18 U.S.C. § 3553(a)(1)). "Evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants

---

[1] Published by the United Nations High Commissioner for Refugees. Available at https://www.unhcr.org/news/stories/2017/9/59b10d4f4/gangs-drive-hondurans-homes-land.html

who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse." *California v. Brown*, 479 U.S. 538, 545 (1987) (O'Connor, J., concurring).

Here, Mr. Raudales experienced significant personal trauma when his family was driven from his childhood home by violent gangs. Further, he and his brothers were sent to the United States to earn money to help support his parents, as well as to avoid violence at the hands of the gangs that control much of urban Honduras.

### B. Mr. Raudales Occupied the Lowest Possible Rung of the Drug Trafficking Organization

As is evidenced by the offense conduct, Mr. Raudales was at the absolute bottom of the drug trafficking organization, having been recruited to conduct hand-to-hand sales of small amounts of drugs. That he was selling individual rocks of crack cocaine for five dollars (or less, apparently) per rock speaks for itself.

### C. Mr. Raudales Acted Quickly to Accept Responsibility

While his change of plea will happen four months after his arrest, that is no fault of Mr. Raudales's. He sought to resolve his case immediately, as is evidenced by his waiver of indictment. The delay in resolution has been a result of the logistical issues presented by the COVID-19 pandemic.

### D. Mr. Raudales Will Suffer Heavy Immigration Consequences From This Conviction

As a result of this conviction, a drug trafficking aggravated felony under INA § 101(a)(43)(B), Mr. Raudales faces sure deportation, as he will be barred from almost all forms of relief in immigration court. He also faces a permanent bar to legal re-entry to the United States. Additionally, were he to re-enter without permission, he would face a significantly increased penalty under 8 U.S.C. § 1326, increasing the statutory maximum to 20 years. This, for the sale of four rocks of crack cocaine, is an extraordinary penalty standing on its own

### E. The Harsh Conditions of Mr. Raudales's Pretrial Detention Warrant a Lower Sentence

At sentencing, Mr. Raudales will have spent more than four months in custody at Santa Rita

DEFENDANT'S SENTENCING MEMORANDUM
*MORAL-RAUDALES*, CR 20–138 JD

4

Jail during a global pandemic. This will be double the amount of time Mr. Raudales spent in custody for his prior conviction (120 days at half time). Since the outset of the COVID-19 pandemic, Santa Rita Jail has suspended all anti-recidivism programming, and has been in varying states of quarantine and lockdown. While these conditions are the same for all current federal pre-trial detainees in this district, this has resulted in significantly harsher conditions of pretrial detention than would ordinarily be experienced.

### F. A Time Served Sentence Would Be In Keeping With Comparable Tenderloin Drug Sentences

As the Court is likely aware, Mr. Raudales is one of many defendants arrested by the San Francisco Police Department and brought into Federal Court to face more severe consequences as part of the United States Attorney's "Federal Initiative For The Tenderloin."[2]

While the Court must avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct, the Ninth Circuit has explained sentencing courts must also "avoid 'unwarranted similarities among [defendants] who were not similarly situated.'" *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1058 (9th Cir. 2009) (quoting *Gall*, 552 U.S. at 55 (emphasis and brackets in original)); *see also* 18 U.S.C. § 3553(a)(6).

As discussed above, Mr. Raudales is at the bottom of the Tenderloin drug sale food chain. For the Court's benefit, the Federal Defender has compiled the following chart of federal sentencings from hand-to-hand drug sales in the Tenderloin. Mr. Raudales submits that the sentence recommended by the parties would avoid unwarranted sentencing disparity with other defendants, including those who have more serious criminal histories.

| Name | Case No. | Drug | Sale Amt. | CHC | USSG Range | Sentence | Priors |
|---|---|---|---|---|---|---|---|
| Wilson Acosta-Valle | 19-560-VC | Crack, heroin | | II | 8-14 | 111 days | Federal drug case |
| Santos Aguilar | 19-454-VC | Heroin, meth | $20 | II | 15-21 | 152 days | Illegal reentry |
| Brayan Arteaga | 19-426-WHO | Crack | $16 | II | 8-14 | 37 days | |

---

[2] https://www.justice.gov/usao-ndca/pr/us-attorney-announces-federal-initiative-tenderloin-new-federal-law-enforcement

DEFENDANT'S SENTENCING MEMORANDUM
*MORAL-RAUDALES*, CR 20–138 JD

5

| Wilfredo Cabrera | 19-452-WHO | Heroin | $17 | II | 8-14 | 132 days | 4 year drug sentence; 6 deports |
|---|---|---|---|---|---|---|---|
| Welbur Cardona-Navarro | 19-541-WHO | Heroin, crack | $20 | III | 24-30 | 12 months + 1 day | 2 illegal entries |
| Yerlyn Cruz-Ortiz | 19-453-SI | Crack | $16 | V | 21-27 | 15 mo | On supervised release for illegal reentry |
| Ronny Dixson | 19-527-WHO | Heroin | | III | 18-24 | 12 months + 1 day | 8 drug felonies, including sales |
| Jesus Flores | 19-429-SI | Cocaine, heroin, meth | $15 | I | 10-16 | 118 days | 2 deports |
| David Lopez Mejia | 19-661-VC | Crack | $20 | III | 15-21 | 125 days | 2 drug sales |
| Ismael Martinez | 19-650-RS | Crack, meth | | I | 0-6 | 48 days | |
| David Medina-Guerrero | 20-26-RS | Crack | $20 | III | 10-16 | 83 days | |
| Pedro Muncia | 19-428-CRB | Heroin, crack, meth | $20 | II | 8-14 | 126 days | Federal drug case, deport |
| Jose Ramos-Varela | 19-713-EMC | Meth | $20 | I | 10-16 | 57 days | |
| Anival Ramos-Velasquez | 19-503-EMC | Heroin, crack | $20 | I | 6-12 | 111 days | |
| Delmar Rosales-Avila | 19-536-VC | Fentanyl | $20 | III | 15-21 | 180 days | |
| Aaron Servellon | 19-689-RS | Crack, heroin, meth, fentanyl | $25 | I | 12-18 | 102 days | |
| Ristir Trejo | 19-535-RS | Fentanyl, crack, heroin | $20 | II | 21-27 | 140 days | |
| Luis Vargas-Valle | 19-386-RS | Crack | $21 | II | 8-14 | 6 months | 32 month illegal reentry sentence |
| Kelier Velasquez-Jossel | 19-483-EMC | Crack | $16 | I | 6-12 | 125 days | |
| Marco Velasquez-Trinidad | 19-456-WHO | Crack | $17 | I | 6-12 | 120 days | |
| Corey Wyatt | 19-396-RS | Alprazolam | $20 | VI | 6-12 | 99 days | Involuntary manslaughter, assault with deadly weapon |

## CONCLUSION

For the foregoing reasons, Mr. Raudales respectfully requests that the Court impose a sentence of four months, "credit for time served," to be followed by three years of supervised release subject to the terms set forth in the Plea Agreement.

| | |
|---|---|
| Dated: June 15, 2020 | Respectfully submitted,<br><br>STEVEN G. KALAR<br>Federal Public Defender<br>Northern District of California<br><br>         /S<br>GRAHAM ARCHER<br>Assistant Federal Public Defender |